IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MICHELLE E. BOWERS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,[1]
Commissioner,
Social Security Administration,

    Defendant.

Case No. 06-CV-109

## ORDER

Plaintiff, Michelle E. Bowers, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held January 20, 2005. By decision dated June 24, 2005, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on December 21, 2005. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born March 7, 1965, and was 40 years old at the time of the hearing. She has a twelfth grade education and formerly worked as a janitor, medical receptionist, collection clerk, and client service representative. She claims to have been unable to work since October 12, 2001, as a result of sarcoidosis, shortness of breath, depression, anxiety, obesity, dizziness, hypertension, fibromyalgia, and problems with her liver, stomach, knee, hip, back, hands, neck and shoulders.

The ALJ determined that Plaintiff is able to lift and/or carry 10 pounds, stand and/or walk 2 hours of an 8-hour workday at 30 minute intervals, and sit 6 hours in an 8-hour workday at one hour intervals. She is slightly limited in her ability to finger, feel and grip and is required to avoid some environmental conditions. [R. 26]. In addition, Plaintiff is limited to performing simple repetitive and routine tasks, and is slightly limited with respect to contact with the public, co-workers, and supervisors. Although her residual functional capacity (RFC) is not compatible with her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus

decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ failed to consider her obesity pursuant to Social Security Ruling 02-01, and ignored her mental impairments. The record contains substantial evidence supporting the ALJ's denial of benefits in this case and the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

## Obesity

The ALJ noted that although the medical records reflect that Plaintiff is obese, the records indicate that no limitations have been placed on her by her physicians in reference to obesity. The ALJ therefore found that Plaintiff's obesity was non-severe at step-two of the five step evaluative sequence. Plaintiff asserts that because Social Security Ruling (SSR) 02-1 states that a diagnosis of obesity by a treating source or consultative examiner will be accepted as a medically determinable impairment, the ALJ erred in failing to find her obesity was a "severe" impairment.

SSR 02-1 instructs that no particular level of obesity or designation of obesity as severe, extreme or morbid necessarily equates to a "severe" or "not severe" impairment. Rather, the ALJ is to make an individualized assessment on the impact of obesity on the individual's functioning when deciding whether the impairment is severe. SSR 02-1 §6, 2000 WL 628049 *4. The ALJ's decision reflects that he did make an individualized assessment.

The ALJ listed Plaintiff's various complaints, noted her allegation of obesity and that the record reflected no limitation attributed to her obesity by her physicians. [R. 17]. The undersigned finds that the ALJ followed the directive of SSR 02-1 in making the step-two determination and further that his determination has substantial support in the record.

## Mental Impairments

On March 15, 2005, after the hearing, Plaintiff was examined by Brian Snider, PhD in reference to her mental impairments. [R. 455-463]. Plaintiff asserts that the decision should be reversed because the ALJ noted, but did not comment on Dr. Snider's findings and also because the ALJ's hypothetical question to the vocational expert failed to include Dr. Snider's findings.

In posing the hypothetical question to the vocational expert, the ALJ stated: "[b]ecause of the depression, the anxiety, panic, keep the work simple, repetitive and routine, and then I'm attempting to restrict both content, as well as stress level, and we will put a slight limitation on contact with the public, coworkers, and supervisors . . . ." [R. 538]. Those limitations accommodate Dr. Snider's findings that Plaintiff had no significant limitation in the ability to understand, remember and carry out very short and simple instructions, the ability to make simple work decisions and sustain an ordinary routine without special supervision. [R. 460-61]. The ALJ's limitations were not precluded by Dr. Snider's findings that Plaintiff had moderate[3] limitations in the ability to remember locations and work-like procedures, understand, remember and carry out detailed instructions. *Id.* Nor were the ALJ's limitations precluded by a moderate limitation on the ability to perform

---

[3] Moderate limitation is defined as one which "[a]ffects but does not preclude ability to perform basic work functions." [R. 460].

activities within a schedule, maintain regular attendance and be punctual, perform at a consistent pace and complete a normal workday and workweek without psychological based interruptions. [R. 461]. Dr. Snider found Plaintiff had a marked limitation in the ability to maintain attention and concentration for extended periods. *Id.* Significantly, however, despite that finding, he still found Plaintiff had no significant limitation in the ability to understand, remember and carry out simple instructions.

The court finds that Dr. Snider's findings support the ALJ's RFC determination and were fairly included within the hypothetical questioning.

## **CONCLUSION**

The ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. Further, there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 25th day of May, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE